IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEXTER J. BYRD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:21CV441 |
| | ) |
| OFFICER CANITY, | ) |
| | ) |
| Defendant(s). | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). The Complaint names Officer Canity, a correctional officer at Scotland Correctional Institution, as the only Defendant in the case and requests both actual and punitive damages based on injuries Plaintiff suffered to his hand.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

According to the Complaint and its attachments, on September 5, 2019, Plaintiff was working in the prison kitchen when Defendant, his supervisor, called his name. When

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

Plaintiff turned to him, Defendant allegedly made an unspecified joke and Plaintiff replied that he should not do that. Defendant then allegedly pulled out a heat tester and was poking it in Plaintiff's directions Plaintiff put his hand up to block the poking and received stab wounds in his middle finger and thumb. The Complaint contends that Defendant violated Plaintiff's rights under the Equal Protection Clause and the Eighth Amendment to the United States Constitution. It seeks a total of $59,000 in damages for Plaintiff's injuries.

Although the Complaint purports to rely on the Equal Protection Clause of the United States Constitution, it sets out absolutely no facts demonstrating or even suggesting that Plaintiff suffered any form of unequal treatment at the hands of Defendant. Therefore, it states no equal protection claim. As for the Eighth Amendment claim, the Eighth Amendment bans cruel and unusual punishment. This claim fails for two reasons, both related to the fact that Defendant allegedly injured Plaintiff while engaging in joking and horseplay. First, such horseplay "involves a 'purely private aim and no misuse of state authority,' and is therefore not [an] action [taken] under color of state law" which violates § 1983. Townsend v. Moya, 291 F.3d 859, 862 (5th Cir. 2002) (quoting Harris v. Rhodes, 94 F.3d 196, 197 (5th Cir.1996)). Second, the Complaint does not allege that Defendant intentionally punished Plaintiff in any way. Therefore, the claim must be based on based on an unconstitutional disregard for Plaintiff's safety. Not every injury suffered by a prisoner equates to liability under § 1983 for a prison official responsible for the prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Mere negligence is not sufficient. To establish a claim, Plaintiff must demonstrate that he was "'incarcerated under conditions

-3-

Case 1:21-cv-00441-TDS-LPA    Document 3    Filed 10/05/21    Page 3 of 5

posing a substantial risk of serious harm" and that Defendant acted with "a 'sufficiently culpable state of mind'" by showing deliberate indifference to Plaintiff's health or safety. Price v. Sasser, 65 F.3d 342, 345 (4th Cir. 1995) (quoting Farmer, 511 U.S. at 834). "[D]eliberate indifference is "'something more than mere negligence.'" Id. (quoting Farmer 511 U.S. at 835). Plaintiff must show that Defendant knew of, but disregarded, a substantial risk to Plaintiff's health or safety. Odom v. South Carolina Dept. of Corrections, 349 F.3d 765, 770 (4th Cir. 2003). Here, Plaintiff's claim amounts to, at most, an allegation of negligence against Defendant in poking at Plaintiff with the heat tester as a form of horseplay. This did not violate Plaintiff's federal constitutional rights. See Erickson v. Newberry, Civil Action No. 07-cv-618-WDM-BNB, 2008 WL 2690719, at *4 (D. Co. 2008) (unpublished) (holding that a joking push which caused an inmate to fall and suffer an injury did not violate the Eighth Amendment). Accordingly, the Court should dismiss the Complaint because it states no viable claim under § 1983.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $105.69. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

-4-

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $105.69.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of November of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 5th day of October, 2021.

                                              /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                      **United States Magistrate Judge**